UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

THOMAS ABBATIELLO,

    Plaintiff,

v.

CELEBRITY CRUISES INC.,

    Defendant.

_____/

## **COMPLAINT**

**COMES NOW**, Plaintiff, THOMAS ABBATIELLO, (hereinafter "ABBATIELLO") by and through his undersigned counsel, and sues the Defendant, CELEBRITY CRUISES INC. (hereinafter "CELEBRITY"), and says:

1. This is a maritime action for personal injury damages.

2. That Defendant, "CELEBRITY", is a Florida corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as "CELEBRITY", providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the CELEBRITY SUMMIT.

3. That "ABBATIELLO" is a citizen of the State of New Jersey, therefore diversity exists.

4. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Case No:
Page 2 of 4

5. That venue is proper in the Southern District of Florida, Miami Division in that Defendant "CELEBRITY's" principal place of business is in Miami, Florida, and this action arose from injuries sustained on an international sea-going cruise.

6. Jurisdiction and venue are proper in the U.S. District Court for the Southern District of Florida, Miami/Dade County, under the terms of the cruise ticket tendered by Defendant, "CELEBRITY" to Plaintiff, "ABBATIELLO". The Defendant has a copy of the contract for passage.

7. That on May 9, 2018, Plaintiff, "ABBATIELLO", was a fare-paying passenger on the "CELEBRITY" vessel SUMMIT, that was at all times material hereto, a vessel owned and operated by Defendant, "CELEBRITY".

8. That on May 9, 2018, Plaintiff, "ABBATIELLO", was an invitee upon the vessel owned and operated by Defendant, "CELEBRITY", having come onto the vessel to make use of the facilities as a fare-paying passenger.

9. That on May 9, 2018 at approximately 8:50 a.m., Plaintiff, "ABBATIELLO", was injured when he was walking at or near the coffee station, he slipped and fell on liquid on the tiled floor, while in the Oceanview Café on the 10th floor of the SUMMIT.

10. That Oceanview Cafe and surrounding area of the vessel and all of its attendant attractions, is owned and operated by Defendant "CELEBRITY", and it is also within the exclusive control of "CELEBRITY".

11. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent in the following acts of commission and/or omission:

   a. Failure to properly maintain the cruising vessel SUMMIT in a reasonably safe condition for use by Plaintiff and others similarly situated;

    b.    Failure to correct a dangerous condition of which it either knew or should have known through the use of reasonable care;

    c.    Failure to warn the Plaintiff of the existence of a dangerous condition on Defendant's cruising vessel, of which the Defendant either knew or should have known through the use of reasonable care;

    d.    Failure to exercise reasonable care under the circumstances;

    e.    Creating a dangerous condition which the Defendant either knew or should have known was dangerous;

    f.    Failing to follow its own safety rules and regulations (SMS, etc);

    g.    Failure to properly inspect the flooring areas at and around the food service areas, in particular the coffee and beverage station;

    h.    Failure to properly warn the passengers of the potential existence of liquid substances at or near the food service areas, in particular the coffee and beverage station; and

    i.    Failure to put the proper non-skid surfacing at and around the coffee bar and beverage station.

    j.    Failure to properly train the staff responsible for maintaining the Oceanview Café dining room and its surrounding areas.

12. As a direct and proximate result of Defendant's negligence and Plaintiff's fall, ABBATIELLO, suffered injury, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future; has been caused to expend money for the treatment of his injuries and will, in the future, be caused to expend further monies for treatment of his injuries.

WHEREFORE Plaintiff, THOMAS ABBATIELLO, demands judgment for damages against Defendant, CELEBRITY CRUISES INC.

Case No:
Page 4 of 4

## DEMAND FOR JURY TRIAL

Plaintiff, THOMAS ABBATIELLO, hereby demands trial by jury of all issues triable as of right by a jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that on 7th day of May, 2019, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

Gordon & Doner, P.A.
3309 Northlake Boulevard, Suite 207
Palm Beach Gardens, FL  33403
(561) 799-5070 / fax (561) 799-5763
Attorneys for Plaintiff

***/s/Mark R. Hanson***
Mark Hanson, Esq.
Florida Bar Number: 621651
MRH.Pleadings@fortheinjured.com
MHanson@fortheinjured.com
mweschrek@fortheinjured.com